NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

GENERATIONS PHYSICAL MEDICINE,
LLC A/A/O NICHOLAS MANDATO,

        Plaintiff,

        v.

UNITED HEALTHCARE SERVICES,
INC.,

        Defendant.

Civil Action No. 11-2790 (JAP)

**OPINION**

PISANO, District Judge.

    Presently before the Court is a motion to dismiss filed by Defendant United Healthcare Services, Inc. Oral argument on the motion was held on January 9, 2012. For the reasons that follow, Defendant's motion will be granted.

## I.    BACKGROUND[1]

    Plaintiff Generations Physical Medicine ("Plaintiff") is a company engaged in the provision of medical, chiropractic, and physical therapy services. Compl. ¶ 4. On February 18, 19, and 20, 2009, two surgeons who perform services on behalf of Plaintiff carried out a series of manipulation under anesthesia ("MUA") procedures on their patient, Nicholas Mandato, at Seashore Surgical Institute. *Id.* ¶ 15. Pursuant to an assignment of benefits, Plaintiff then submitted claims to Defendant, Mandato's health insurance provider, for reimbursement for the MUA procedures. *Id.* ¶ 16.

---

[1] In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from Plaintiff's Complaint unless otherwise indicated; they do not represent this Court's factual findings.

Defendant denied all of Plaintiff's claims for reimbursement. *Id.* ¶ 18. It reasoned that "MUA of the thoracic spine, lumbar spine, pelvis, and/or hips to treat and/or alleviate chronic or acute pain is experimental, investigational, and/or unproven and therefore excluded under a provision of the Plan[2] that states that services deemed to be or in connection with experimental, investigational, and/or unproven services are specifically excluded from coverage." *Id.* ¶ 18.

On March 28, 2011, Plaintiff brought this action under § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiff alleges that MUA of the thoracic spine, lumbar spine, pelvis, and/or hips to treat and/or alleviate chronic or acute pain is not experimental, investigational, and/or unproven, and that Defendant's characterization of it as such is arbitrary, capricious, and manifestly mistaken. Thus, Plaintiff asserts that Defendant violated the Plan by failing to provide reimbursement for the MUA procedures performed on Mandato, and that its determination that those services were not covered was arbitrary and capricious.

On June 30, 2011, Defendant filed the instant motion to dismiss. Therein, it asserts that Plaintiff's complaint fails to satisfy the standard established in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) because it does not allege any facts that Defendant abused its discretion in an arbitrary, capricious, or manifestly mistaken manner. Defendant further argues that the MUA services are explicitly excluded from coverage under the Plan because they are experimental, investigational, and/or unproven, and that, even if they weren't, the plain language of the Plan and incorporated policies[3] reserves Defendant the right to make discretionary coverage decisions.

---

[2] Mandato participates in an Employee Health Benefit Plan ("the Plan") for which Defendant is a third-party administrator. Compl. ¶¶ 2-3.

[3] Defendant attached the Plan and accompanying policies as exhibits to its motion to dismiss. The Court notes that, in evaluating a motion to dismiss, it is proper to "consider documents that are attached to or submitted with the complaint," and any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.*" Buck v. Hampton Tp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *see also Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192,

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnote omitted).

More recently, the Supreme Court emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  To help guide a district court's evaluation of a motion to dismiss, the Third Circuit has established a three-part analysis:

---

1196 (a court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947-50).

### III.   DISCUSSION

A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is reviewed *de novo* "unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 792 (3d Cir. 2010) (internal citations omitted). When discretionary authority is given to the administrator, the denial of benefits is reviewed only for abuse of discretion.[4] *Id.* Thus, an administrator's decision will be overturned only if it is shown that the denial of benefits was "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id.* (internal citations omitted).

As an initial matter, Defendant argues that pleading deficiencies warrant dismissal of Plaintiff's Complaint. Specifically, Defendant asserts that Plaintiff's Complaint contains mere conclusory statements, and fails to provide sufficient factual allegations to support its argument that denial of the MUA-related claims was arbitrary, capricious, or manifestly mistaken.

As outlined above, when assessing the sufficiency of a civil complaint, the Court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Although the Court "must

---

[4] In the Third Circuit, this standard of review is referred to as both an "arbitrary and capricious" standard and a review for "abuse of discretion." *Howley*, 625 F.3d at 793 n.6. Moreover, as discussed below, there is no dispute in this case that the Plan afforded Defendant discretionary authority.

accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Santiago*, 629 F.3d at 131 (internal citations omitted).

Here, Plaintiff's Complaint is comprised nearly entirely of legal conclusions and conclusory statements.  Indeed, Plaintiff simply asserts, without accompanying factual support, that the MUA services at issue were "medically necessary," that "MUA of the thoracic spine, lumbar spine, pelvis, and/or hips to treat and/or alleviate chronic or acute pain is not experimental, investigational, and/or unproven," and that Defendant's characterization of it as such and resultant denial of benefits was arbitrary, capricious, and manifestly mistaken.  Compl. ¶¶ 15, 19, 21.  Such conclusory assertions, however, "are not entitled to the presumption of truth." *Santiago*, 629 F.3d at 130 (quoting *Iqbal*, 129 S. Ct. at 1950).

Correspondingly, Plaintiff does not provide facts to support those assertions.  The Complaint merely summarizes the initial steps Plaintiff took to contest the claim denials, and states that Defendant failed to justify its conclusion that the MUA services were not covered under the Plan.  Compl. ¶¶ 21-23.  Thus, Plaintiff's Complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  As a result, dismissal is warranted.

Moreover, a review of the terms of the Plan and incorporated policies makes clear that Plaintiff fails to state a claim that Defendant's denial of benefits was arbitrary or capricious.  *See Howley*, 625 F.3d at 792.  As a threshold matter, the Plan expressly provides Defendant with substantial discretion in making benefit determinations.  Notably, the Plan states that Defendant develops its "reimbursement policy guidelines, in [its] sole discretion," (Chejfec Decl., Ex. 1, Plan, Our Responsibilities, at 5), and, in defining unproven services, provides that "[t]he decision

5

about whether such a service can be deemed a Covered Health Service is solely at [its] discretion."[5]  (Plan, Section 9: Defined Terms, at 71).

Additionally, the Plan explicitly states that experimental, investigational, or unproven services are excluded from coverage, (Plan, Section 2: Exclusions and Limitations, at 27), and, in the definition of unproven services, makes reference to various medical and drug policies Defendant issues that it may consider in making its determination.  (Plan, Section 9: Defined Terms, at 70-71).  One such policy, titled "Manipulation Under Anesthesia," specifically excludes coverage for the MUA services at issue in this case.  It provides that MUA is unproven, and therefore excluded from coverage, for, *inter alia*, the spine and hip, and further states that MUA for the pelvis is only proven for "acute traumatic fracture, dislocation, diastasis or subluxation"—not for "chronic or acute pain" as alleged in the Complaint.  (Chejfec Decl., Ex. 2, 3-4).  Accordingly, the plain language of the Plan and incorporated policies demonstrates that Plaintiff fails to state a claim that Defendant's coverage determination and denial of benefits was arbitrary or capricious.  As a result, Plaintiff's Complaint must be dismissed.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted.  An appropriate Order will follow.

/s/ JOEL A. PISANO
United States District Judge

Dated: January 18, 2012

---

[5] With regard to the process by which Defendant makes it determinations, the Plan specifies the various criteria and standards Defendant uses in determining whether a service is experimental, investigational, and/or unproven, and clearly defines those terms.  (Plan, Section 9: Defined Terms, at 65, 70).